IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD HAYWOOD PAYNE, JR | : | CIVIL ACTION |
| | : | |
| v. | : | No. 20-4444 |
| | : | |
| PREVENTION POINT | : | |
| PHILADELPHIA, INC., et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                          **June 14, 2020**

Plaintiff Edward Haywood Payne, Jr. brings this employment discrimination and retaliation action against Prevention Point Philadelphia, Inc. pursuant to Title VII of the Civil Rights Act of 1964. Payne, who is African American, alleges he was fired from his unpaid internship with Prevention Point because of his race and in retaliation for his complaints about racial discrimination. Prevention Point filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 arguing Payne does not qualify as an "employee" under Title VII because he was an unpaid intern. Because there is no genuine issue of material fact regarding Payne's status as an unpaid intern, and the Court concludes unpaid interns are not employees as defined in Title VII, the Court will grant Prevention Point's motion for summary judgment and enter judgment in its favor.

**BACKGROUND**[1]

Prevention Point operates an opioid addiction rehabilitation facility located at 2913–2915 Kensington Avenue in Philadelphia. At all relevant times, Payne was a student in the College of Public Health at Temple University. Payne is African American. *See* Compl. 23, ¶ 16, ECF No. 1.

---

[1] In evaluating a motion for summary judgment, a court must "view the facts in the light most favorable to the non-moving party and must make all reasonable inferences in that party's favor." *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). Except where specifically noted to the contrary, the facts presented herein are undisputed.

The Public Health program at Temple requires bachelor's degree students to complete two credit-earning internships. *See* Compl. 22, ¶ 6. In April 2018, Payne applied for an internship with Prevention Point and was accepted. *See id.* ¶ 7. Payne began his internship at Prevention Point on or about June 6, 2018. *See id.* ¶ 10. Payne was not paid by Prevention Point. *See* Pl.'s Ans. to Def.'s Affirm. Defenses 7, ECF No. 25. The parties do not dispute Payne was an unpaid intern of Prevention Point. *See* Def.'s Mot. to Dismiss 1, ECF No. 7; Pl.'s Resp. to Def.'s Mot. to Dismiss 2, ECF No. 8. In fact, at the January 22, 2021, Rule 16 conference, Payne admitted that Prevention Point did not compensate him during his internship.

Before Payne began working at his internship, he alleges he was told he would work a specific schedule and with a specific supervisor. *See* Compl. 22, ¶ 9. Upon starting his internship, however, he did not get to work as promised. *See id.* ¶¶ 11, 13. Prevention Point denies Payne received a specific schedule, and instead states Payne's supervisor explained Payne should expect to work in various areas of the facility's operations and to take instruction from numerous employees.

Payne specifically alleges a nonsupervisory employee, Rose Laurano, required him to leave his assigned station on several occasions during his internship. *See id.* ¶¶ 11, 13. During those instances, Payne alleges Laurano called on him to complete her assignments in the Syringe Exchange Program as well as take on tasks assigned to another intern while Laurano and the other intern relaxed, socialized, or left the premises. *See id.* ¶ 11. Prevention Point denies the other intern was treated differently than Payne.

In June 2018, Payne complained about Laurano's treatment of him, first to his own supervisor and later to the supervisor of the Syringe Exchange Program. *See* Compl. 23, ¶¶ 15, 19. Both supervisors are African American. *See id.* Payne told the supervisors he believed he

was being discriminated against due to his race. *See id.* ¶¶ 16, 22. Payne alleges the negative treatment continued until Prevention Point terminated him from the internship on July 28, 2018. *See id.* at 23–24, ¶¶ 18, 22, 27.

Prevention Point states it terminated Payne because he was frustrated with his internship placement. *See id.* at 23, ¶ 25. Payne alleges his frustration was a result of Prevention Point's failure to respond to his complaints of race discrimination. *See id.* ¶ 26. He alleges he was terminated as retaliation for his complaints of race discrimination. *See id.* ¶ 27.

Payne filed the Complaint on September 8, 2020, asserting a Title VII claim and a 42 U.S.C. § 1981 claim. Prevention Point moved to dismiss the Complaint arguing Payne did not qualify as an employee under Title VII because he was an unpaid intern and his § 1981 claim was time barred. The Court granted the motion in part and dismissed the § 1981 claim because it was time barred. The Court denied the motion as to the Title VII claim because Payne had alleged in his Complaint that he was paid. *See* Compl. 15, 19, ¶ 7. After this, Payne filed several documents, including discovery documents and letters, indicating he was an unpaid intern.

At the Rule 16 conference, the parties stated the central issue on Payne's Title VII claim is whether he qualifies as an employee under the statute even though he was unpaid. The Court agreed to allow the parties to address this threshold issue with limited discovery. On February 3, 2021, Prevention Point filed the instant motion for summary judgment. Prevention Point argues it is entitled to judgment because Payne was an unpaid intern and he thus cannot establish he was an "employee" as defined in Title VII. Payne opposes the motion.[2]

---

[2] Payne filed a notice of appeal shortly after Prevention Point filed its motion for summary judgment. Because the Court had not entered a final appealable order, Payne's appeal was dismissed for lack of jurisdiction. After the Third Circuit dismissed Payne's appeal, he filed two petitions for rehearing in this Court. The Court dismissed those petitions as premature and improperly filed and directed Payne to file a response to Prevention Point's motion for summary

**DISCUSSION**

The Court will grant Prevention Point's motion for summary judgment because there is no dispute that Payne was unpaid, and an unpaid intern does not qualify as an employee under Title VII. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material" facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the [non-moving] party." *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citation and internal quotation marks omitted). To defeat summary judgment, "the non-moving party must present more than a mere scintilla of evidence; there must be evidence on which the jury could reasonably find for the [non-movant]." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (alteration in original) (citation and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

Because Payne has admitted he was not paid by Prevention Point, he does not qualify as an "employee" under Title VII, and his claim fails. Title VII of the Civil Rights Act of 1964

---

judgment. *See* Order, May 14, 2021, ECF No. 40. In response, Payne filed two identical motions for summary judgment. *See* Pl.'s Mots. for Summ. J., May 18, 20, 2021, ECF Nos. 41–42. Given Payne's pro se status, the Court construes the motions as Payne's response to Prevention Point's motion. *See Hickman v. Fullfilment*, No. 15-1119, 2015 WL 9181430, at *1 (W.D. Pa. Dec. 17, 2015) (construing a Rule 26(f) report as a response to a motion to dismiss in light of party's pro se status).

4

provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin" 42 U.S.C. § 2000e-2.  As a threshold matter, a Title VII plaintiff must be an "'employee' who 'may invoke [Title VII's] . . . protections against discrimination[.]'" *Mariotti v. Mariotti Bldg. Prods., Inc.,* 714 F.3d 761, 766 (3d Cir. 2013) (alterations in original) (quoting *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 446 n.6 (2003)).

Title VII defines an employee as "an individual employed by an employer."  42 U.S.C. § 2000e. The Supreme Court has noted the statutory definition is "completely circular and explains nothing." *See Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992).  Because the statute fails to define the employment relationship with appropriate specificity, the Supreme Court applies a multi-factor test to determine whether the individual in question is an employee based on common law agency principles. *See id.* at 322–23 (citing *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 739-40 (1989)).  Courts are directed to consider "the hiring party's right to control the manner and means by which the product is accomplished" as well as other factors, including:

> the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Darden*, 503 U.S. at 323–24 (quoting *Reid*, 490 U.S. at 751–52).

The Supreme Court has not announced a specific test for determining whether volunteers and unpaid interns are employees for the purpose of federal employment statutes.  Most federal appeals courts to address the issue have applied a "threshold-remuneration test," which requires a

volunteer to receive substantial compensation from the organization in order to be considered an employee. *See, e.g.*, *Juino v. Livingston Par. Fire Dist. No. 5*, 717 F.3d 431, 439 (5th Cir. 2013); *Pietras v. Bd. of Fire Comm'rs of Farmingville Fire Dist.*, 180 F.3d 468, 473 (2d Cir. 1999); *McGuinness v. Univ. of N.M. Sch. of Med.*, 170 F.3d 974, 979 (10th Cir. 1998); *Llampallas v. Mini-Circuits Lab, Inc.*, 163 F.3d 1236–44 (11th Cir. 1998); *Haavistola v. Cmty. Fire Co. of Rising Sun*, 6 F.3d 211, 222 (4th Cir. 1993); *Graves v. Women's Prof'l Rodeo Ass'n*, 907 F.2d 71, 73 (8th Cir. 1990) (stating compensation is an "essential condition to the existence of an employer-employee relationship"). The Sixth and Ninth Circuit Courts of Appeals, however, have held renumeration is not dispositive in determining whether an employment relationship exists. *See Bryson v. Middlefield Volunteer Fire Dep't, Inc.*, 656 F.3d 348, 353 (6th Cir. 2011); *Waisgerber v. City of Los Angeles*, 406 F. App'x 150, 152 (9th Cir. 2010).

There is no binding Third Circuit authority regarding whether unpaid interns or volunteers qualify as employees under Title VII or whether remuneration is required for one to be deemed an employee. To determine whether an individual is an employee for purposes of Title VII, the Third Circuit looks to certain factors including: "the level of control the defendant[s] . . . exerted over the plaintiff: which entity paid [the employees'] salaries, hired and fired them, and had control over their daily employment activities." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 119 (3d Cir. 2013) (citing *Darden*, 503 U.S. at 323-24). These factors suggest, as other courts have decided, that compensation or remuneration is a threshold requirement to qualify as a Title VII employee. *See, e.g.*, *Juino*, 717 F.3d at 437 (discussing case law supporting the conclusion that remuneration is required to be deemed a Title VII employee). Absent precedential authority to the contrary, the Court is persuaded remuneration is a threshold requirement to qualify as an employee under Title VII. *See O'Connor*, 126 F.3d at 115–16 (holding remuneration is an

essential condition to finding a plausible employment relationship); *see also Juino*, 717 F.3d at 437, 439 (listing and discussing the majority of circuits that have adopted a "threshold-remuneration" test and adopting that test). Therefore, an unpaid intern, absent any remuneration, does not qualify as an employee capable of invoking Title VII's protection against discrimination.

As Prevention Point has asserted, and Payne has conceded, Payne received no payment for his internship with Prevention Point. Because the record shows no genuine issue of material fact regarding Payne's status as an unpaid intern, Payne was not an employee of Prevention Point and his Title VII claim thus fails. Prevention Point is thus entitled to judgment as a matter of law.

**CONCLUSION**

The record shows Payne was an unpaid intern. Absent precedential authority to the contrary, and upon consideration of the factors used to determine whether one qualifies as an employee, the Court is persuaded remuneration is a threshold requirement to qualify as an employee under Title VII. Because Payne did not receive remuneration, he does not qualify as an employee under Title VII and his claim fails. Accordingly, the Court will grant Prevention Point's motion for summary judgment and enter judgment in its favor.

An appropriate order follows.

BY THE COURT:

 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.